UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CONSTELLATION TECHNOLOGIES LLC
PATENT LITIGATION                                                                 MDL No. 2558


ORDER DENYING TRANSFER


**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, defendants in an action pending in the Eastern District of Texas—Time Warner Cable Inc. and Time Warner Cable Enterprises LLC—move for centralization of this litigation in the District of Delaware. The motion encompasses the five actions listed on Schedule A. Two of those actions are patent infringement actions brought by Constellation Technologies LLC (Constellation) in the Eastern District of Texas. The third action involves infringement claims relating to different patents brought by another patentholder, Bockstar Technologies LLC (Bockstar) in the District of Delaware. The defendant in that action, Cisco Systems, Inc. (Cisco), has asserted numerous declaratory judgment and breach of contract counterclaims against, *inter alia*, Constellation, Bockstar, and their corporate parent, Rockstar Consortium US LP (Rockstar). The remaining two actions are declaratory judgment actions brought against the Rockstar entities in D. Delaware by a group of cable and internet providers (Charter Communications) and a group of telecommunications equipment manufacturers (ARRIS Group).

Collectively, there are some twenty-nine patents at issue in these five actions, all of which are alleged to have been originally assigned to Nortel Networks Limited, a subsidiary of Nortel Networks Corporation, and subsequently obtained by a consortium of technology companies when Nortel entered bankruptcy.[1] The patents-at-issue relate to a number of technologies employed by cable, internet, and other telecommunications providers. In particular, the nine patents that have been raised in both Delaware and Texas (though not necessarily in all five actions) relate to, *inter alia*, switched digital video technology, IP Multimedia Subsystem networks (such as is used in VoIP technology); Multiprotocol Label Switching (MPLS) networks and MPLS fast reroute techniques; point-to-multipoint network services including whole-house entertainment services; ethernet passive optical networks; high speed internet services, including DSL, ADSL, and VDSL services; and resilient packet ring services.

Defendants in the other action pending in the Eastern District of Texas (collectively, Windstream) also support centralization in the District of Delaware, as do the plaintiffs in the two

---

[*] Judges Charles R. Breyer and Ellen Segal Huvelle took no part in the decision of this matter.

[1] These technology companies are alleged to have created Rockstar to administer the Nortel patent portfolio. Rockstar thereafter assigned certain patents to Constellation and Bockstar shortly before the filing of the patent infringement actions.

-2-

declaratory judgment actions filed in the District of Delaware (Charter Communications and ARRIS Group) and Cisco, the defendant/counter-claimant in the third Delaware action. Constellation and Rockstar oppose centralization and, should we determine that centralization is appropriate, alternatively suggest that the Eastern District of Texas is the appropriate transferee forum. Bockstar likewise opposes centralization, but alternatively requests that we deny the motion for centralization without prejudice to allow the transferor court to decide its pending motion to dismiss Cisco's counterclaims.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. There undoubtedly is some factual overlap among these actions. However, only one patent—U.S. Patent No. 7,154,879, entitled "Point to Multipoint Network"—is at issue in all actions. And, while all twenty-nine patents raised in these actions relate to the telecommunications industry, they involve a wide range of technologies and do not descend from a common patent "family" (*i.e.*, the patents have many different inventors). Even the licensing issues, which the proponents of centralization argue will be common across all actions, will necessarily differ from patent to patent and, thus, from action to action. Accordingly, the potential for centralization to reduce duplicative discovery and motion practice in this litigation is somewhat limited, whereas the potential for a centralized litigation to become mired in the unique factual and legal issues raised in each action—in particular, relating to the twenty patents at issue solely in the Delaware actions—is significant.

Additionally, the five actions are pending in just two districts. The two actions pending in the Eastern District of Texas already have been consolidated for pretrial purposes before the same judge. Similarly, the three actions pending in the District of Delaware have been related before a single judge. Both judges have significant experience handling patent infringement actions. And, all of the accused infringers, save for Windstream, are represented by the same counsel. In these circumstances, informal coordination among the two involved courts and cooperation by the parties seems both practicable and preferable to centralization. *See In re Droplets, Inc., Patent Litig.*, 908 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012) (denying centralization of six actions pending in three districts in which there was some defense counsel overlap).

-3-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| Marjorie O. Rendell | Lewis A. Kaplan |
| Sarah S. Vance | R. David Proctor |

IN RE: CONSTELLATION TECHNOLOGIES LLC
PATENT LITIGATION                                              MDL No. 2558

## SCHEDULE A

District of Delaware

BOCKSTAR TECHNOLOGIES LLC v. CISCO SYSTEMS INC., C.A. No. 1:13-02020
CHARTER COMMUNICATIONS, INC., ET AL. v. ROCKSTAR CONSORTIUM US
	LP, ET AL., C.A. No. 1:14-00055
ARRIS GROUP, INC., ET AL. v. CONSTELLATION TECHNOLOGIES LLC, ET AL.,
	C.A. No. 1:14-00114

Eastern District of Texas

CONSTELLATION TECHNOLOGIES LLC v. TIME WARNER CABLE INC., ET
	AL.,  C.A. No. 2:13-01079
CONSTELLATION TECHNOLOGIES LLC v. WINDSTREAM HOLDINGS, INC.,
	ET AL., C.A. No. 2:13-01080